# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN,** | : | CIVIL ACTION NO. 1:06-CV-2245 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **WARRINGTON TOWNSHIP, REBECCA KNAUB, PAMELA LEE, and GREGORY GETTLE,** | : | |
| Defendants | : | |

## MEMORANDUM

Stephen Conklin ("Conklin") brings this § 1983 action to vindicate alleged violations of his due process and First Amendment rights. Presently before the court is a motion to dismiss for failure to state a claim upon which relief may be granted, filed by defendants Pamela Lee and Gregory Gettle (collectively "defendants"). For the reasons that follow, the motion will be granted.

## I. Statement of Facts[1]

The allegations in this matter originate from Conklin's attempt to subdivide a 100-acre tract of land that he owns in Warrington Township, Pennsylvania (the "Warrington Property"). Conklin's inceptive complaint, filed in November 2006, asserted a host of constitutional violations inflicted by an array of tenuously-connected defendants. (See Doc. 1.) This complaint was amended as a matter of course on January 31, 2007. (Doc. 27.) Nearly all of Conklin's claims were

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint, and as appearing in the record of the case. See infra Part II.

thereafter dismissed by the order of court dated July 7, 2008. (See Doc. 85.) Pursuant to a motion for leave to amend, however, the court permitted Conklin to file a second amended complaint, but imposed certain restrictions thereon. (See Docs. 90, 94.) The second amended complaint ignores these restrictions and reasserts each of the originally-filed claims against each of the originally-named defendants.[2] (See Doc. 98.)

An exhaustive recitation of the allegations contained in the second amended complaint is unnecessary for the purposes of the instant motion,[3] and the court will restrict its focus to those averments that concern defendants Pamela Lee ("Lee") and Gregory Gettle ("Gettle"). Lee is the York County Prothonotary and Gettle is Solicitor for the York County prothonotary's office. (Doc. 98 ¶¶ 9, 50, 55.) On

---

[2] The following parties were named as defendants in the amended complaint: (1) Warrington Township, (2) Rebecca Knaub, (3) Pamela Lee, (4) Gregory Gettle, (5) Edwin A.D. Schwartz, (6) Paul Lutz, (7) Chase Bank of Texas, (8) Saxon Mortgage Company, (9) EMC Mortgage Company, (10) Meritech Mortgage Company, (11) Deutsche Bank, (12) Leon Haller, (13) Sue Doe, and (14) David Doe. (Doc. 27.) With the exception of defendants Warrington Township, Rebecca Knaub, Pamela Lee, and Gregory Gettle, the court has dismissed Conklin's claims against each of the above-named defendants and denied leave to amend. (See Docs. 85, 94.) That the second amended complaint reasserts claims against these previously-dismissed defendants—in the face of the court's rulings to the contrary—does not alter the fact that Edwin A.D. Schwartz, Paul Lutz, Chase Bank of Texas, Saxon Mortgage Company, EMC Mortgage Company, Meritech Mortgage Company, Deutsche Bank, Leon Haller, Sue Doe, and David Doe are no longer parties to this cause of action. Accordingly, the court will order these former parties removed from the case caption and will hereafter strike any pleading not in accordance with the court's prior dismissal orders. See L.R. 83.3.1 (stating that failure to comply with an order of court may result in a sanction of dismissal).

[3] A complete recounting of Conklin's averments is contained in the court's July 7, 2008 memorandum. (See Doc. 85.)

2

January 20, 2007, Conklin claims he "learned that unlawful efforts were under way . . . to take his home and land away" by EMC Mortgage Corporation ("EMC"), a mortgagee with respect to the Warrington Property. (Id. ¶¶ 61-62.) Four days later, Conklin visited the York County prothonotary's office in order to gather information regarding EMC's efforts. (Id. ¶ 63.) Conklin obtained a certified copy of the docket in his case with EMC (hereinafter the "EMC action"), and he claims that at this time, the docket did not reflect an entry of default judgment against him. (Id. ¶ 64.) When he returned to the prothonotary's office on January 29, 2007, however, Conklin learned that a praecipe for default judgment had been entered by EMC either on January 19 or January 25. (Id. ¶¶ 70, 75-78.) Conklin then filed several documents of his own, including a praecipe for judgment of non pros against EMC. (Id. ¶ 79.)

Conklin returned to the prothonotary's office on January 30 to retrieve another certified copy of the docket. (Id. ¶¶ 83-85.) As he was exiting the office, Conklin told Lee that he would be back. She purportedly responded "in a snide and condescending manner" with, "I'm sure you will." (Id. ¶ 88.) Conklin thereafter examined the certified docket and discovered that the praecipe for judgment of non pros, which he filed the previous day, did not appear thereon. (Id. ¶ 90.) He immediately telephoned the prothonotary's office and asked to speak directly to Lee. This request was allegedly denied. (Id. ¶¶ 91-99.) Conklin telephoned the prothonotary's office once more later in the day, whereupon he was

3

purportedly told by two different deputy prothonotaries[4] that he would "not be permitted to speak to [Lee]." (Id. ¶¶ 100-122.) This led to a heated conversation between Conklin and deputy prothonotary Sue Doe, after which Ms. Doe informed Conklin that he should direct further inquiries to Gettle. (See id. ¶¶ 105-123.) In response, Conklin stated that he had already initiated a lawsuit against both Gettle and Lee.[5] (Id. ¶ 126.) The complaint does not indicate whether Conklin attempted to contact Gettle or whether Conklin ever discussed his attempt to file the praecipe for judgment of non pros with either Gettle or Lee.

The following day, January 31, 2008, Conklin amended his November 2006 complaint to assert a claim of First Amendment retaliation against defendants. Specifically, Conklin alleged that the difficulties he experienced with the prothonotary's office in January 2007 were motivated by a desire to retaliate against

---

[4] Conklin identifies these deputy prothonotaries as David and Sue Doe, (see Doc. 98 ¶¶ 92-122), both of whom were dismissed as parties from this lawsuit by the order of court dated July 7, 2008, (Doc. 85). The court granted Conklin the opportunity to amend the defectively-pled claims that he asserted against the Does, (see id. at 28-30), but he made no attempt to do so, (see Doc. 94 at 10-11, 13 n.9.)

[5] Conklin's November 2006 complaint accused Lee and Gettle of conspiring with Edwin Schwartz to "intentionally not docket[] properly filed documents" in an unrelated matter. (Doc. 1 ¶ 9.)

him for initiating his earlier lawsuit against defendants.[6]  (See Doc. 27.)  The court dismissed this claim on July 7, 2008, (Doc. 85), but permitted Conklin to file a second amended complaint with factual averments to cure the pleading defect identified by the court's memorandum.  (See Doc. 94).  Conklin filed a second amended complaint on December 19, 2008, but the factual averments contained therein are virtually identical to those contained in the amended complaint. (Compare Doc. 98, with Doc. 27.)  Defendants moved to dismiss the First Amendment retaliation claims levied against them on January 5, 2009.  (Doc. 99.) This motion has been fully briefed and is ripe for disposition.

## II.  **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all

---

[6] Conklin also claimed that defendants violated his procedural and substantive due process rights.  (See Doc. 27.)  The court considered these claims in its July 7, 2008 memorandum and dismissed them with prejudice.  (See Doc. 85.) Conklin nonetheless realleges the procedural and substantive due process claims in his second amended complaint.  (See, e.g., Doc. 98 ¶¶ 9, 12, 129.)  The averments through which Conklin re-raises these allegations are identical to those contained in the amended complaint.  (Compare Doc. 27 ¶¶ 9, 12, 129, with Doc. 98 ¶¶ 9, 12, 129.)  These due process claims will not be reconsidered.
   Similarly, Conklin attempts to raise anew the previously-pled contention that Lee and Gettle violated his right to equal protection of the laws.  (See Doc. 98 ¶ 50.) The court heretofore dismissed this claim for facial defectiveness, but afforded Conklin the opportunity to amend.  (See Doc. 85.)  He failed to do so, (see Doc. 94 at 10-11), and amendment at this juncture is therefore foreclosed, (see id. at 11).

5

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this

liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

Section 1983 affords a right to relief where official action causes a "deprivation of rights protected by the Constitution." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). The statute is not an independent source of substantive relief, but merely "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002). To establish a claim under § 1983, the plaintiff must demonstrate (1) the deprivation of a constitutional right, and (2) that a "person acting under the color of state law" is responsible for the alleged deprivation. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992).

A cause of action alleging First Amendment retaliation is actionable pursuant to § 1983. The First Amendment protects citizens' right to petition the government for redress of grievances by pursuing relief in court, see Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997), and requires that the right "be freely exercisable without hinderance or fear of retaliation," Milhouse v. Carlson, 652 F.2d 371, 374 (3d Cir. 1981). To state a prima facie claim of First Amendment retaliation, the plaintiff must allege: (1) that the activity in question is protected by the First

7

Amendment, (2) that the defendants responded with retaliatory adverse action, and (3) a causal link between the constitutionally protected conduct or speech and the retaliatory action.  See Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006); see also Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 282 (3d Cir. 2004); Firetree, Ltd. v. Creedon, Civ. A. No. 1:08-CV-0245, 2008 WL 2078152, at *7 (M.D. Pa. May 15, 2008).  Conklin's commencement of the above-captioned lawsuit, which named both Lee and Gettle as parties, satisfies the protected activity requirement. See Brennan v. Norton, 350 F.3d 399, 417 (3d Cir. 2003) (holding that the filing of a federal complaint constitutes petitioning the government and is protected so long as the complaint is not frivolous).  His contention that defendants thereafter failed to docket his praecipe for judgment of non pros arguably constitutes retaliatory adverse action.

When the court last had occasion to analyze Conklin's retaliation claim in its July 7, 2008 memorandum, it found that Conklin's allegations failed to establish a causal link between his protected conduct and the allegedly retaliatory conduct. (See Doc. 85.)  To establish the causation element of a retaliation claim, a plaintiff must prove that his or her participation in a protected activity motivated the defendant to perform the retaliatory act.  Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002); Meenan v. Harrison, Civ. A. No. 3:03-CV-1300, 2006 WL 1000032, at *4 (M.D. Pa. Apr. 13, 2006) (observing that a plaintiff must demonstrate that the exercise of First Amendment rights "played some substantial role" in the defendant's action).  The temporal proximity of a retaliatory act to a plaintiff's

exercise of his or her First Amendment rights is probative, but not dispositive, of the causation element. Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003); see also Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997) (stating that "temporal proximity merely provides an evidentiary basis from which an inference can be drawn"). For temporal proximity alone to establish causation, the "timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred." Marasco, 318 F.3d at 512 (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997)). In the employment context, the Third Circuit Court of Appeals has suggested that a temporal proximity of two days is sufficient to establish causation, see Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 & n.5 (3d Cir. 2000), whereas a temporal proximity of ten days is sufficient to establish causation only when accompanied by other evidence of an employer's wrongdoing, Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 189 (3d Cir. 2003). This suggests that the temporal proximity must be measured in days, rather than in weeks or months, to suggest causation without corroborative evidence.

Conklin's allegations once again fail to satisfy the causation element required of a prima facie showing. To be clear, Conklin filed his complaint in November 2006; he claims that defendants engaged in retaliatory conduct over two months later. As the court previously explained, the temporal proximity between these events is not so unduly suggestive as to give rise to an inference of causation. (Doc. 85 at 29-30.) Rather than bolstering his complaint with additional factual

9

averments, Conklin simply realleged the exact allegations that the court already ruled deficient. It should therefore come as no surprise that in the absence of an amended pleading, the court's ruling is unchanged. Defendants' motion to dismiss the retaliation claim will accordingly be granted.[7]

In addition, leave to amend this claim will be denied as inequitable. See Grayson, 293 F.3d at 108 (observing that the district court may exercise its discretion to dismiss a claim with prejudice when leave to amend would be inequitable). After Conklin's retaliation claim was initially dismissed on July 7, 2008, (see Doc. 85), he petitioned for leave to amend and submitted twenty-four proposed supplemental averments, (see Doc. 90, Ex. A). The court granted Conklin's request, but only permitted him to add thirteen of the twenty-four proposed averments. (See Doc. 94 ¶ 1b.) Not one of these thirteen averments were

---

[7] Even if Conklin's allegations of causation were facially sufficient, the court would nonetheless dismiss the retaliation claim for failure to allege that either Lee or Gettle was personally involved in the purported violation. To survive a motion to dismiss, a § 1983 claim must assert that each defendant was personally involved in the deprivation of rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Evancho, 423 F.3d at 353 ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing."). A defendant's personal involvement in a constitutional violation may be established via allegations of "personal direction," "actual knowledge and acquiescence," or "direct discrimination." Evancho, 423 F.3d at 353; see also Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990). The second amended complaint does not contain a single averment alleging that Gettle took any part in, or had any knowledge of, the rejection of Conklin's praecipe for judgment of non pros. With respect to Lee, Conklin merely asserts that she refused to field his telephone inquiries and made a single "snide and condescending" comment in his presence. Assuming *arguendo* that employees in the prothonotary's office improperly rejected Conklin's praecipe—irrespective of whether such conduct was inadvertent or intentional—there is simply no indication that defendants were personally involved.

10

included in the second amended complaint. (See Doc. 98.) Indeed, defendants highlighted this fact in their January 5, 2009 motion to dismiss. (See Doc. 99.) Rather than seeking leave to amend a second time in order to include the thirteen averments, Conklin inexplicably claims that the second amendment complaint incorporates the amendments permitted by the court's order. (See Doc. 104 at 3.) A simple examination of the second amended complaint belies this assertion.

Conklin was afforded the opportunity to amend his First Amendment claim and he failed to do so. That failure was identified by defendants well over three months ago. At this stage of the litigation, further amendment will unduly prejudice defendants. See Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that a court may deny amendment as inequitable when a party unduly delays, exercises bad faith or dilatory motive, or when amendment would work unfair prejudice upon another party); see also Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (stating that when equitable "factors suggest that amendment would be 'unjust,'" the court should deny leave to amend). Conklin has been afforded ample opportunity to state his claim; he has still failed to do so more than two years after he filed his original complaint. The First Amendment retaliation claim levied against defendants will therefore be dismissed with prejudice.

**IV. <u>Conclusion</u>**

For the foregoing reasons, defendants' motion to dismiss (Doc. 99) the First Amendment retaliation claim will be granted.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:     April 30, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | CIVIL ACTION NO. 1:06-CV-2245 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| | : | |
| WARRINGTON TOWNSHIP, | : | |
| REBECCA KNAUB, PAMELA LEE, | : | |
| and GREGORY GETTLE, | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 30th day of April, 2009, upon consideration of the motion (Doc. 99) to dismiss, filed by defendants Pamela Lee and Gregory Gettle, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 99) to dismiss is GRANTED. All claims against defendants Pamela Lee and Gregory Gettle are DISMISSED. Leave to amend is denied as inequitable. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

2. The Clerk of Court is INSTRUCTED to alter the case caption in the above-captioned matter so that the following parties henceforth appear as named defendants in this matter: (1) Warrington Township, and (2) Rebecca Knaub. (See Docs. 85; Doc. 94.) The parties' pleadings shall hereafter be filed in accordance with this Paragraph, as well as the orders of court dated July 7, 2008 (Doc. 85) and November 20, 2008 (Doc. 94). Failure to adhere to the requirements set forth herein may result in the offending pleading being stricken *sua sponte*. See L.R. 83.3.1(a).

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge